**Eugene and Elizabeth GATES, Appellants,**

v.

**STATE FARM COUNTY MUTUAL INSURANCE COMPANY OF TEXAS, Appellee.**

No. 05–99–02085–CV.

Court of Appeals of Texas, Dallas.

Aug. 9, 2001.

---

Robert D. Wilson, Dallas, for Appellant.

Karen L. Keltz, McCauley, MacDonald & Devin, Dallas, for Appellee.

Before Justices MORRIS, MOSELEY, and FITZGERALD.

## OPINION

Opinion by Justice FITZGERALD.

Eugene and Elizabeth Gates ("the Gates") appeal a "take nothing" judgment on their bad faith claims against State Farm County Mutual Insurance Company of Texas ("State Farm"). In two points of error, the Gates contend the trial court erred in granting State Farm's motion for summary judgment because (1) as a mat-

ter of law the granting of State Farm's motion for summary judgment on the Gates' contract-based claims did not support the granting of the motion for summary judgment on the Gates' extra-contractual, bad-faith claims and (2) an issue of material fact exists regarding whether State Farm's conduct was "extreme." We affirm.

## BACKGROUND

The Gates carried uninsured/underinsured motorist insurance coverage through State Farm. The Gates were involved in an automobile accident with an uninsured motorist, and they filed a claim with State Farm under their policy. The Gates and State Farm exchanged settlement demands and offers, but an agreement could not be reached on the Gates' claim. On September 25, 1996, the Gates filed suit against State Farm asserting claims for breach of contract and bad faith. The trial court severed the contractual claims from the extra-contractual, bad-faith claims. The trial court also abated the bad faith claims until the contractual claims were resolved. In the contract action, for reasons not included in the appellate record, the trial court struck all of the Gates' medical experts. Then, on May 12, 1999, the trial court granted State Farm's motion for summary judgment on the contractual claims because there was no evidence of proximate cause and no medical testimony regarding the Gates' damages. The Gates did not appeal that judgment, and it became final.

This appeal arises from the judgment disposing of the extra-contractual, bad-faith claims. In the bad faith case, the Gates alleged that State Farm breached its common-law duty of good faith and fair dealing when it (1) refused to pay their claim without a reasonable basis to do so, (2) made substantially inadequate settlement offers, and (3) failed to properly investigate their claim (the "common-law claims"). Based on these same factual allegations, the Gates also alleged causes of action for deceptive trade practices and violations of article 21.21 of the Texas Insurance Code (collectively, the "statutory claims"). As damages for these causes of action, the Gates sought the $40,000 limit of their uninsured/underinsured motorist insurance policy and unspecified actual damages for severe mental anguish.

On August 24, 1999, after the judgment in the contractual suit became final, State Farm filed a combined traditional and "no evidence" summary judgment motion on the Gates' common-law and statutory claims. *See* TEX.R. CIV. P. 166a(c) & (i). In its motion, State Farm asserted it was entitled to summary judgment on all the Gates' claims because (1) the Gates' failure to prevail on their contract claims precluded any recovery based solely on "bad faith denial of a claim" and (2) the Gates had no evidence of "extreme" conduct by State Farm that would remove this case from the general "no liability" rule. The trial court granted State Farm's motion without specifying the reasons, and this appeal ensued.

## APPLICABLE LAW

The supreme court has succinctly stated the rules applicable to a cause of action for breach of the duty of good faith and fair dealing:

An insurer has a duty to deal fairly and in good faith with its insured in the processing and payment of claims. A breach of the duty of good faith and fair dealing is established when: (1) there is an absence of a reasonable basis for denying or delaying payment of benefits under the policy and (2) the carrier knew or should have known that there was not a reasonable basis for denying the claim or delaying payment of the claim. The first element of this test requires an objective determination of whether a reasonable insurer under sim-

ilar circumstances would have delayed or denied the claimant's benefits. This assures that a carrier will not be subject to liability for an erroneous denial of a claim, as long as a reasonable basis for denial of the claim exists.

*Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 340 (Tex.1995) (citations and quotation marks omitted). Whether there is a reasonable basis for denial must be judged by the facts before the insurer at the time the claim was denied. *Viles v. Sec. Nat'l Ins. Co.*, 788 S.W.2d 566, 567 (Tex.1990). The focus is upon the "reasonableness of the insurer's conduct in rejecting the claim." *Lyons v. Millers Cas. Ins. Co.*, 866 S.W.2d 597, 601 (Tex.1993).

▮ The supreme court has emphasized that "[a]s a general rule there can be no claim for bad faith when an insurer has promptly denied a claim that is in fact not covered" by the policy. *Stoker*, 903 S.W.2d at 341. In making this statement, the supreme court rejected the court of appeals' conclusion "that a finding of no liability on the policy action does not, as a matter of law, defeat an insured's extra-contractual claim." *Id.* at 339. Subsequently, the supreme court clarified its use of the phrase "is in fact not covered" by restating the applicable rule: "[I]n most circumstances, an insured may not prevail on a bad faith claim without first showing that the insurer breached the contract."

*Liberty Nat'l Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 629 (Tex.1996) (citing *Stoker*, 903 S.W.2d at 341).

### STATE FARM'S MOTION FOR SUMMARY JUDGMENT

In the trial court, State Farm asserted two grounds entitling it to judgment as a matter of law. First, State Farm argued that because it obtained summary judgment on the breach of contract claims, the Gates could not prove it breached the policy, which State Farm asserted negated recovery on the bad faith claims. Second, State Farm asserted the Gates had no evidence of "extreme" conduct by State Farm in denying their claims that would allow the Gates to recover independent of a policy breach. *See Stoker*, 903 S.W.2d at 341. To its motion, State Farm attached, among other things, a copy of the policy and copies of the orders striking the Gates' medical experts and granting summary judgment on the contract claims. Thus, in its first ground State Farm relied upon the traditional summary judgment rule to negate the Gates' ability to establish the first element of a bad faith claim.[1] *See* Tex.R. Civ. P. 166a(c). In its second ground, State Farm combined this argument with the "no evidence" summary judgment rule to establish the Gates cannot meet the supreme court's "extreme" act exception to the general rule.[2] *See id.* 166a(i).

---

1. The standards for reviewing summary judgment under rule 166a(c) are well established. *See Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex.1985); *Orozco v. Dallas Morning News, Inc.*, 975 S.W.2d 392, 394 (Tex. App.—Dallas 1998, no pet.).

2. When a motion is presented under rule 166a(i) asserting "no evidence" of one or more essential elements of the nonmovant's claims, the burden is on the nonmovant to present sufficient evidence to be entitled to a trial, *i.e.*, evidence that raises a genuine fact issue on each of the challenged elements. *Gen. Mills Rests., Inc. v. Tex. Wings, Inc.*, 12

S.W.3d 827, 832 (Tex.App.—Dallas 2000, no pet.). If the nonmovant fails to provide sufficient evidence, the trial judge must grant the motion. *See id.* Because a no-evidence summary judgment is essentially a pretrial directed verdict, we apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict. *Id.* at 832–33. Thus, our task is to determine whether the nonmovant produced any evidence of probative force raising a fact issue on the material questions presented, after considering all the evidence in the light most favorable to the party against whom the no-evidence summary judgment was rendered

DISCUSSION

*Common–Law Bad Faith Claims*

■ On appeal, the Gates do not dispute they failed to recover on their breach of contract claims; however, they do dispute the effect of that loss. In their first point, the Gates argue that an insured's bad faith claim is not automatically precluded simply because the insured's contract claim is disposed of on summary judgment. The Gates assert State Farm admitted their claims were covered by the policy, but they lost their breach of contract suit only because of a failure of proof of damages and causation. The Gates argue the supreme court's opinion in *Stoker* is distinguishable because the evidence there established those claimants, unlike the Gates, were *never* covered by their underinsured motorist insurance policy. *See Stoker*, 903 S.W.2d at 340. Here, the Gates point to a March 4, 1997 "Rule 11" agreement between their counsel and State Farm's counsel entered into during the discovery phase of the breach of contract suit.[3] *See* TEX.R. CIV. P. 11. The Gates argue the Rule 11 agreement is some evidence of "coverage" under the policy. Therefore, the Gates assert because contract and tort claims are separate, *see Akin*, 927 S.W.2d at 629, and they presented evidence of "coverage" under the policy in the instant suit, their bad faith claims should not be precluded by the summary judgment on their breach of contract claims. We disagree.

■ The Gates' argument ignores the preclusive effect of the final judgment against them on their contract claims. Because of that judgment, the Gates are forever prevented from claiming State Farm breached their insurance policy with regard to the accident underlying the breach of contract suit. As the supreme court has stated, "in most circumstances, an insured may not prevail on a bad faith claim without first showing that the insurer breached the contract." *Akin*, 927 S.W.2d at 629. Because of the final judgment against them on their contract claims, as a matter of law the Gates may not recover on their bad faith claims. Moreover, to allow the Gates to present evidence of a contract breach in a later lawsuit after an adverse merits determination on their breach of contract claim would be an impermissible collateral attack on the final judgment in the contract case.[4]

In attempting to distinguish *Stoker*, the Gates point out that the supreme court did *not* determine that the Stokers' bad faith claims failed because their breach of contract claim failed. Rather, the Gates emphasize the supreme court expressly concluded the Stokers failed to establish the absence of a reasonable basis for the denial of their claims. *See Stoker*, 903 S.W.2d at 341 ("The Stokers' claim fails because, as a matter of law, they cannot meet the first prong of the *Aranda* test.").[5] This argument, however, is unavailing.

In *Stoker*, the supreme court concluded that a reasonable insurer would have de-

---

and disregarding all contrary evidence and inferences. *Id.*

3. Although State Farm attempts to discredit the Rule 11 agreement as "unauthenticated," the record contains no objection or ruling to this defect of form; accordingly, State Farm has waived this argument, and the evidence is properly considered on appeal. *See St. Paul Ins. Co. v. Mefford*, 994 S.W.2d 715, 721 (Tex. App.—Dallas 1999, pet. denied).

4. A collateral attack on a judgment is an attempt to avoid the effect of a judgment in a proceeding brought for some other purpose. *Ranger Ins. Co. v. Rogers*, 530 S.W.2d 162, 167 (Tex.Civ.App.—Austin 1975, writ ref'd n.r.e.).

5. *See Aranda v. Ins. Co. of N. Am.*, 748 S.W.2d 210, 213 (Tex.1988).

nied the Stokers' claim under the policy based on the fact there was no physical contact between the at-fault vehicle and Mrs. Stoker's vehicle. *See Stoker*, 903 S.W.2d at 340. Significantly, the supreme court emphasized it did not matter that the insurer had rejected the Stokers' claim for a completely different reason. *See id.* at 341. According to the supreme court, the insurer was not liable for bad faith because "there can be no claim for bad faith when an insurer has promptly denied a claim that is *in fact* not covered." *Id.* (emphasis supplied). Here, the record reflects that during the claims process the Gates and State Farm disagreed over the extent of the injuries suffered by the Gates. Later, State Farm prevailed on the Gates' breach of contract action resulting from that disagreement. Once that judgment became final, the Gates' insurance claims were "in fact not covered" by their policy. According to *Stoker*, regardless of the reason State Farm gave to the Gates when it denied the Gates' claim, a reasonable basis to deny the claim exists: namely, the claim is not covered by the policy. Instead of being distinguishable, as the Gates argue, we conclude *Stoker* is controlling.

We hold the final judgment in favor of State Farm on the Gates' breach of contract claims precludes, as a matter of law, recovery by the Gates on their bad faith claims stemming from the same accident. Therefore, State Farm's summary judgment evidence conclusively established the existence of a reasonable basis to deny the Gates' uninsured/underinsured motorist claim, thereby negating the first element

of the Gates' common-law bad faith claims. Accordingly, the trial court did not err in granting summary judgment on the Gates' common-law bad faith claims.

### Statutory Bad Faith Claims

Because the Gates' statutory bad faith claims were premised on the same bad faith allegations as their common-law claims, they cannot recover on these claims for the same reasons. *See Stoker*, 903 S.W.2d at 341 (stating the Stokers "are not entitled to recover" on their DTPA and article 21.21 claims because those "causes of action are predicated on their bad faith allegation"). Accordingly, the trial court did not err in granting summary judgment on the Gates' statutory bad faith claims.

### "Extreme" Bad Faith Claim

The Gates also rely on the following language from *Stoker* indicating a bad faith claim might exist despite the absence of a breach of the insurance policy: "We do not exclude, however, the possibility that in denying the claim, the insurer may commit some act, so extreme, that would cause injury independent of the policy claim." *Stoker*, 903 S.W.2d at 341. Assuming, without deciding, an insurer in denying a claim may commit an act so extreme to cause an injury independent of the policy claim, we conclude an insured may not recover under this theory unless the insured can establish "extreme" conduct by the insurer during the claims process. *See id.* In their second point, the Gates argue they presented sufficient evidence of this extreme conduct by State Farm to create an issue of material fact on this cause of action.[6] We disagree.

---

6. We address the Gates' argument despite noting the Gates' live pleading at the time of the summary judgment neither alleges specific acts of extreme conduct by State Farm nor expressly mentions this "extreme" act theory of recovery. However, State Farm did not file special exceptions or otherwise object to the lack of pleadings supporting this claim. Indeed, State Farm's motion for summary

judgment was premised on the fact a potential claim for "extreme" bad faith had been pleaded. Moreover, the Gates' arguments are not made for the first time on appeal, but were encompassed in their summary judgment response, and ruled on by the trial court. Therefore, because the parties have construed the Gates' pleadings liberally in

■ As the sole evidence of "extreme" conduct by State Farm, the Gates relied on State Farm's alleged breach of the earlier-discussed Rule 11 agreement.[7] It is undisputed this alleged post-litigation conduct by State Farm's legal counsel, even if true, occurred long after State Farm denied the Gates' claim under the policy. Indeed, the Rule 11 agreement was not entered into until six months *after* the Gates instituted litigation *because* State Farm denied their claim. We conclude the Gates failed to allege or point to any evidence of "extreme" conduct by State Farm occurring during the claims process. *See id.; Lyons,* 866 S.W.2d at 601. Accordingly, the trial court did not err in granting State Farm's motion for summary judgment on the Gates' "extreme" bad faith claims.

Because we have found no reversible error, we overrule the Gates' two points of error. We affirm the trial court's judgment.

support of a claim for "extreme" bad faith, we construe the pleadings similarly.

7. In their second point of error, the Gates argue State Farm conceded "liability" in the Rule 11 agreement rather than mere "coverage" under the policy. Thus, the Gates allege the "extreme" conduct of bad faith was State Farm breaching this concession and moving for summary judgment in the breach of contract lawsuit. Because this alleged conduct is irrelevant to why State Farm rejected the Gates' claim under the insurance policy when it was presented, we need not address the parties' arguments concerning the meaning of the Rule 11 stipulation. *See Lyons,* 866 S.W.2d at 601 (noting focus of bad faith case is "the reasonableness of the insurer's conduct in rejecting the claim").