MEMORANDUM OPINION




No. 04-02-00601-CV



Patricia STAGLIK,


Appellant



v.



GOVERNMENT PERSONNEL MUTUAL LIFE INSURANCE COMPANY,


Appellee



From the 288th Judicial District Court, Bexar County, Texas


Trial Court No. 2000-CI-13992


Honorable David A. Berchelmann, Jr., Judge Presiding



Opinion by: Catherine Stone, Justice


Sitting: Catherine Stone, Justice

 Paul W. Green, Justice

 Karen Angelini, Justice


Delivered and Filed: October 8, 2003


AFFIRMED

 This is an appeal arising from Government Personnel Mutual Life Insurance Company's ("GPM")
denial of Patricia Staglik's claim for life insurance proceeds following her husband Donald's death. We
affirm the trial court's judgment.



Background
 GPM issued a life insurance policy to Donald Staglik on February 1, 1997. Donald named his wife
Patricia as beneficiary of the policy. On October 27, 1998, Donald's body was found in a field near his
home in San Antonio, Texas. The Bexar County Forensic Center determined Donald died of a self-inflicted gunshot wound. Donald took his own life less than two years after obtaining his life insurance
policy with GPM. 

 When Patricia sought to collect on Donald's policy, GPM told Patricia she could not collect any
death benefits under the policy. GPM cited a provision in Donald's policy which stated the company was
not liable under the policy if Donald committed suicide within two years of obtaining the policy. Following
GPM's denial of her claim, Patricia filed suit against GPM, claiming the company: (1) breached its contract
by not paying her death benefits; (2) breached its duty of good faith and fair dealing during its investigation
of her claim; and (3) violated the Texas Deceptive Trade Practices Act and Texas Insurance Code during
its investigation of her claim. Patricia predicated all of her allegations against GPM on the fact that the
company failed to reasonably investigate her claim. 

 A jury found that GPM was not liable to Patricia on her breach of contract cause of action because
Patricia's claim was not covered under the policy. As a result of this finding, the jury did not consider
whether GPM was liable to Patricia on her common law and statutory bad faith causes of action because
the jury questions addressing these extra-contractual causes were conditioned on an affirmative finding to
the first question of the charge pertaining to Patricia's breach of contract cause of action. On appeal,
Patricia complains that the trial court erred by not allowing the jury to make findings regarding her extra-contractual causes of action. (1) 

Standard of Review

 Complaints regarding the trial court's charge are reviewed under an abuse of discretion standard.
Tex. Dep't of Human Servs. v. E.B., 802 S.W.2d 647, 649 (Tex. 1990). An abuse of discretion occurs
when the trial court acts without reference to any guiding principles. Id. An error in the charge is reversible
only if harmful, that is, if it was reasonably calculated to cause and probably did cause the rendition of an
improper judgment. Akin v. Santa Clara Land Co., 34 S.W.3d 334, 345 (Tex. App.--San Antonio
2000, pet. denied). To determine whether an alleged error is harmful, we consider the pleadings, the
evidence presented at trial, and the charge in its entirety. Island Recreational Dev. Corp. v. Republic of
Tex. Sav. Ass'n, 710 S.W.2d 551, 555 (Tex. 1986).

Discussion


 In her four appellate issues, Patricia claims the trial court erred by conditioning the jury questions
addressing her common law and statutory bad faith causes of action on an affirmative finding to the first
question of the charge pertaining to her breach of contract cause of action. Patricia claims she is entitled
to extra-contractual damages because GPM conducted an investigation designed to disprove the
compensability of her claim. Patricia alleges GPM did not reasonably investigate her claim because it
ignored evidence suggesting Donald did not commit suicide and it portrayed her in a negative light
throughout the course of its investigation. (2) 

 An insurer may breach its duty of good faith and fair dealing by failing to reasonably investigate a
claim. Universe Life Ins. Co. v. Giles, 950 S.W.2d 48, 56 n.5 (Tex. 1997). To establish a breach of
the duty of good faith and fair dealing, a two-prong test must be met. Republic Ins., Co. v. Stoker, 903
S.W.2d 338, 340 (Tex. 1995). First, there must be an absence of a reasonable basis for denying benefits
under the policy. Id. Second, the carrier must have known or should have known that there was not a
reasonable basis for denying the claim. Id. The first prong of this test "'requires an objective determination
of whether a reasonable insurer under similar circumstances would have . . . denied the claimant's
benefits.'" Id. (citing Aranda v. Ins. Co. of N. Am., 748 S.W.2d 210, 213 (Tex. 1988)). 

 Here, Patricia's claim fails because, as a matter of law, she cannot meet the first prong of the test
set forth above. Once GPM obtained a medical report from the Bexar County Forensic Center concluding
Donald's death was the result of a self-inflicted gunshot wound, GPM had a reasonable basis to deny
Patricia's claim. Consequently, even if the trial court had submitted Patricia's extra-contractual causes of
action unconditionally, Patricia could not have recovered on her causes of action as each is predicated on
her bad faith allegation. Because Patricia could not have recovered from GPM on her bad faith claims, we
cannot say the court's charge caused the rendition of an improper judgment. 

 To the extent Patricia's appellate issues claim she can recover extra-contractual damages for
GPM's bad faith conduct even in the absence of policy coverage, we conclude such claims lack merit. In
Republic Insurance, Co. v. Stoker, the supreme court held "[a]s a general rule there can be no claim for
bad faith when an insurer has promptly denied a claim that is in fact not covered." Id. at 341. However,
the court also stated "[w]e do not exclude the possibility that in denying the claim, the insurer may commit
some act, so extreme, that would cause injury independent of the policy claim." Id. After thoroughly
reviewing the record, we do not believe the record contains any evidence suggesting GPM committed
"some act, so extreme, that would cause injury independent of the policy claim" so as to allow Patricia to
recover damages despite the absence of policy coverage. Cf. GTE Southwest, Inc. v. Bruce, 998
S.W.2d 605, 611-12 (Tex. 1999). Based on the foregoing, the trial court's judgment is affirmed. (3)



Catherine Stone, Justice





1. Patricia does not challenge the jury's finding regarding her breach of contract cause of action.
2. Patricia alleges GPM tried to portray her as sloppy, lazy, greedy, and the person who drove Donald to his
death.
3. We note Patricia also complains the court's charge motivated the jury to return a verdict more quickly than
it otherwise might have. Patricia contends the conditioning of her bad faith causes of action on her breach of contract
cause of action urged the jury to render a quick answer to the breach of contract question to avoid the time-consuming
task of resolving the other questions in the charge. We can only speculate on the relation between the charge and the
jury's two-hour deliberation period. Unfortunately, speculations have no probative value. Therefore, we believe
Patricia's argument is unpersuasive.