**Affirmed; Opinion Filed February 14, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-00548-CV

**DORVIN D. LEIS COMPANY OF TEXAS, INC., Appellant**
**V.**
**OHIO CASUALTY INSURANCE COMPANY D/B/A LIBERTY MUTUAL GROUP,**
**Appellee**

**On Appeal from the 68th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-16-16132**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Fillmore, and Stoddart
Opinion by Justice Stoddart

This appeal involves a determination of whether Ohio Casualty Insurance Company d/b/a

Liberty Mutual Group ("Liberty") had a duty to defend Dorvin D. Leis Company of Texas, Inc.

("Leis") pursuant to the terms of a commercial liability insurance policy. Liberty and Leis filed

cross motions for summary judgment. In a single issue, Leis argues the trial court erred by granting

Liberty's motion for summary judgment and denying its motion. We affirm the trial court's

judgment.

FACTUAL BACKGROUND

Leis is a heating and air conditioning contractor. Liberty issued a commercial insurance policy to Leis for the period of June 7, 2016 through June 7, 2017 (the "Policy"). Relevant provisions of the Policy state:[1]

**SECTION I - COVERAGES**
**COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
1.     Insuring Agreement
a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. . . .
b. This insurance applies to "bodily injury" and "property damage" only if:
(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; [and]
(2) The "bodily injury" or "property damage" occurs during the policy period. . .

**SECTION V – DEFINITIONS**
3.     "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.
13.    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.
17.    "Property damage" means:
a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it."

During the policy period, a pro se litigant, Faisel Saleh, sued Leis in two separate cases (collectively "Saleh Litigation"). In the first case, Saleh alleged he called Leis in June 2016 because he believed his thermostat was malfunctioning. He left a voicemail and, the following day, a Leis employee returned his phone call. Saleh requested price information and, although the Leis employee stated he would obtain the information and call Saleh, the Leis employee failed to

---

[1] The parties agree which provisions of the Policy are relevant to their motions for summary judgment and this appeal.

do so.  Saleh then "sent an email message to [Leis] and mentioned that he plans to sue [Leis] in court for discrimination unless [Leis] pays a settlement out of court."  Leis did not respond to the email or Saleh's subsequent phone calls.  Saleh's petition alleged:

> Plaintiff suffered four counts of discrimination based on race, religion, and/or ethnic background.  Plaintiff's name indicates that he is a Muslim and possibly an Arab, and he mentioned his first name in the message he left for Defendant.  Furthermore, Defendant could have seen the name on its caller ID.  Defendant does not tell the average American customer that it will call him back and then neglect him completely and refuse to pick up when he calls, especially when it has a member living in his apartment complex.  The four counts of discrimination are the following:
> 1. Saying that it will call Plaintiff back and neglecting to do so[;]
> 2. Refusing to pick up when Plaintiff called after the first offense[;]
> 3. Refusing to pick up again when Plaintiff called the other number[;]
> 4. Neglecting to call back after the two missed calls[.]

Saleh sought damages as a result of Leis's alleged actions because he "suffered four counts of discrimination based on race, religion, and/or ethnic background, and is demanding damages in the amount of $150,000 (one-hundred and fifty thousand dollars)."

In the second suit, Saleh sued Leis, Leis's attorney, and a private process server.  Saleh alleged the process server—who served the petition in the first lawsuit—filed a defective return of service.  Saleh alleged the process server amended the document after being informed about the errors, but he "intentionally put incorrect information on there again."  Saleh asserted Leis and its attorney paid the process server "to put the five defects in the first Return of Service document, for the purpose of preventing [Saleh] from being awarded a Default Judgment" in the first lawsuit.  Saleh sued the process server for breach of contract and all three defendants for aggravated perjury and bribery to change the outcome of an official proceeding.  Saleh sought $12,039.99 in damages.

Leis requested Liberty provide a defense to the Saleh Litigation pursuant to the Policy's terms and Liberty refused.  Leis retained counsel who obtained dismissal of Saleh's lawsuits.  Although Leis had no liability to Saleh, it incurred attorney's fees and costs to defend the litigation.

After the Saleh Litigation was dismissed, Leis sued Liberty for breach of contract and for violations of chapters 541 and 542 of the Texas Insurance Code. Leis and Liberty filed cross-motions for summary judgment. Leis argued Liberty was required to provide a defense in the Saleh Litigation. Liberty asserted the Saleh Litigation did not plead a covered occurrence under the Policy. The trial court denied Leis's motion and granted Liberty's motion. This appeal followed.

LAW & ANALYSIS

**A. Standard of Review**

We review the trial court's summary judgment de novo. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). The standards for reviewing summary judgments are well established and we follow them in this appeal. *See* TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Property Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985). In a traditional motion for summary judgment, the party moving for summary judgment has the burden of showing no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *Nixon*, 690 S.W.2d at 548.

When both parties move for summary judgment, each party bears the burden of establishing it is entitled to judgment as a matter of law. *City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 356 (Tex. 2000). When the trial court grants one motion and denies the other, we review the summary judgment evidence presented by both parties and determine all questions presented. *Id.*

**B. Eight Corners Rule**

Leis bore the initial burden to establish coverage under the Policy. *See Ewing Const. Co. v. Amerisure Ins. Co.*, 420 S.W.3d 30, 33 (Tex. 2014). Texas follows the eight corners rule to determine whether an insurer has a duty to defend. *Id.* (explaining that eight corners refers to the

four corners of the complaint and four corners of the insurance policy); *Zurich Am. Ins. Co. v. Nokia, Inc*., 268 S.W.3d 487, 491 (Tex. 2008). Under that rule, "an insurer's duty to defend is determined by the third-party plaintiff's pleadings, considered in light of the policy provisions, without regard to the truth or falsity of those allegations." *Zurich*, 268 S.W.3d at 491. When reviewing the pleadings and making the foregoing determinations, courts look only to the factual allegations showing the origin of the damages claimed, and not to the legal theories or conclusions alleged. *Ewing Const. Co.*, 420 S.W.3d at 33. Allegations in the pleadings are liberally construed and all doubts regarding the duty to defend are resolved in the insured's favor. *Zurich*, 268 S.W.3d at 491.

Absent provisions in the policy to the contrary, there is "no duty to defend a claim that might have been alleged but was not, or a claim that more closely tracks the true factual circumstances surrounding the third-party claimant's injuries but which, for whatever reason, has not been asserted." *Pine Oak Builders, Inc. v. Great Am. Lloyds Ins. Co*., 279 S.W.3d 650, 655-56 (Tex. 2009). The court will not read facts into the pleadings or "look outside the pleadings, or imagine factual scenarios which might trigger coverage." *Id*. at 655

## C. Analysis

Leis asserts an inference from Saleh's pleadings is that Saleh "suffered some damage or harm to his person or property because Leis did not repair Saleh's air conditioning system in the blaring heat of the summer." Additionally, Leis states it is a reasonable inference that Saleh claims "he suffered harm to his person or property as a result of Leis's inaction" for which he sought damages of $150,000. Therefore, liberally construing the pleadings, Leis believes Liberty was required to provide a defense pursuant to the terms of the Policy. We disagree.

Liberally construing Saleh's pleadings, Saleh alleged in the first lawsuit that he was damaged when Leis failed to communicate with him because his name indicates he is Muslim or

Arab. Saleh asserted Leis discriminated against him because of his race, religion, or ethnic background, which caused him to suffer damages. In the second lawsuit, Saleh alleged he was damaged because Leis conspired with others to file a false return of service. Saleh makes no allegation that he suffered bodily injury, sickness or disease or physical injury or loss of use of tangible property. Neither the discrimination alleged by Saleh nor conspiracy to file a false return of service constitutes an allegation of bodily injury or property damage. To reach the conclusion Leis urges would require us to read facts into the pleadings or imagine factual scenarios that might trigger coverage, which we may not do. *See Pine Oak Builders*, 279 S.W.3d at 655. We conclude Saleh's petitions did not state a cause of action for bodily injury or property damage covered under the terms of the Policy. *See Zurich*, 268 S.W.3d at 491.

In light of Saleh's failure to allege any bodily injury or property damage, Liberty did not have a duty to defend Leis against Saleh's claims. *See generally Oklahoma Sur. Co. v. Noviello*, No. 05-13-01546-CV, 2014 WL 7497987, at \*3 (Tex. App.—Dallas Dec. 29, 2014, no pet.) (mem. op.). Because Liberty had no duty to defend and, therefore, did not breach the parties' contract, Leis's claims under chapters 541 and 542 of the Texas Insurance Code fail. *See Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 341 (Tex. 1995); *Bernstien v. Safeco Ins. Co. of Illinois*, No. 05-13-01533-CV, 2015 WL 3958282, at \*2 (Tex. App.—Dallas June 30, 2015, no pet.) (mem. op.) (party could not prevail on claim under Texas Insurance Code chapter 541 without showing insurer breached policy terms); *Lundstrom v. United Services Auto. Ass'n-CIC*, 192 S.W.3d 78, 95 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) (plaintiff could not prevail on claim under chapter 542 where policy did not provide coverage for claimed loss).

We conclude Liberty established as a matter of law that it was entitled to summary judgment. We overrule Leis's sole issue.

CONCLUSION

We affirm the trial court's judgment.

/Craig Stoddart/
CRAIG STODDART
JUSTICE

170548F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

DORVIN D. LEIS COMPANY OF
TEXAS, INC., Appellant

No. 05-17-00548-CV     V.

OHIO CASUALTY INSURANCE
COMPANY D/B/A LIBERTY MUTUAL
GROUP, Appellee

On Appeal from the 68th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-16-16132.
Opinion delivered by Justice Stoddart.
Justices Lang-Miers and Fillmore
participating.

      In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

      It is **ORDERED** that appellee OHIO CASUALTY INSURANCE COMPANY D/B/A
LIBERTY MUTUAL GROUP recover its costs of this appeal from appellant DORVIN D. LEIS
COMPANY OF TEXAS, INC.


Judgment entered this 14th day of February, 2018.