ACCEPTED
04-13-00757-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
1/30/2015 1:50:24 PM
KEITH HOTTLE
CLERK

NO. 04-13-00757-CV

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
01/30/2015 1:50:24 PM
KEITH E. HOTTLE
Clerk

IN THE FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS

MICHAEL TATSCH,

Appellant,

V.

CHRYSLER GROUP LLC
AND INFINITY COUNTY MUTUAL INSURANCE COMPANY,

Appellees.

**APPELLEE INFINITY COUNTY MUTUAL INSURANCE COMPANY'S
MOTION FOR REHEARING OR FOR *EN BANC* RECONSIDERATION**

Pursuant to Tex. R. App. P. 49, Appellee Infinity County Mutual Insurance Company ("Infinity") moves for rehearing or *en banc* reconsideration:

## I.     Summary of Motion.

Except for limited circumstances, that do not exist in this case, an insurance policy holder must establish that his claim is covered in order to recover under the Texas Insurance Code. Infinity challenged the existence of coverage in its motion for summary judgment, and the trial court granted the motion. But this Court

reversed the summary judgment on this question because Plaintiff Michael Tatsch ("Tatsch") did not allege a breach of contract claim against Infinity.[1] This Court then reversed summary judgment on Tatsch's claim that Infinity denied his claim without a proper investigation in violation of the Texas Insurance Code. In effect, the Court held that Tatsch may proceed under his failure to investigate theory irrespective of whether the Infinity policy covered his claim. This is an error that the Court should correct by granting rehearing or *en banc* reconsideration.

## II.     Statement of Facts.

### A.     Tatsch's allegations and the summary judgment.

Tatsch alleged that Infinity violated the Texas Insurance Code and the Texas Deceptive Trade Practices Act. First Am. Pet. at CR 59-61. Tatsch did not allege that coverage existed under the policy, or that Infinity breached the policy. But he sought damages that would arise only if Infinity had an obligation to pay, but failed to do so: diminished value, lost use of the truck, cost of repair, lost income, and out of pocket expenses. *Id.* at CR 61-62.

Infinity filed a hybrid motion for summary judgment consisting of a motion for traditional summary judgment on the question of whether coverage exists, and

---

[1] The Opinion is attached hereto.

2

a no evidence summary judgment on Tatsch's claims under the Insurance Code and DTPA. CR 39-56. In the traditional portion of its motion, Infinity asserted that Tatsch's loss was the result of mechanical breakdown or failure that is excluded under the policy. CR 45-46. Infinity supported its motion for traditional summary judgment with an authenticated copy of the policy and Tatsch's deposition testimony. CR 71-110 (deposition) & CR 111-40 (Policy).

In the no evidence portion of its motion, Infinity challenged Tatsch's evidence that it violated the Texas Insurance Code by (1) failing to attempt in good faith to effectuate a settlement of a claim for which liability is reasonably clear; (2) failing to provide Tatsch with a reasonable explanation of the basis for denying his claim; (3) denying the claim without conducting a reasonable investigation; and (4) refusing to settle based solely on the availability of other insurance. Infinity also challenged the evidence supporting Tatsch's damages. The trial court granted Infinity's motion.

### B.    This Court's opinion.

The Court affirmed the summary judgment in part, and reversed and remanded the judgment in part. App. A, Opinion. The Court reversed the summary judgment on the question of coverage because Tatsch did not allege a cause of action for breach of contract. Op. at 12. But the Court did not address the

2083123v.1

question of whether Infinity carried its summary judgment burden with respect to the question of coverage.

The Court reversed the no evidence summary judgment as to Tatsch's allegation that Infinity breached its duty to investigate, but affirmed summary judgment on his other theories. Op. at 14-15. The Court noted the evidence that Infinity could not obtain a sample of the truck fuel because it was discarded before Tatsch made a claim under the policy, but found that Infinity did not inspect the truck itself, and held that "this was more than a scintilla of evidence" that Infinity breached its duty to conduct an investigation. *Id.* at 14-15. The Court noted that Tatsch did not present any evidence to support the other statutory theories, including his claim that Infinity denied coverage even though its liability was reasonably clear. *Id.* at 13. The Court did not address damages, stating instead that "we focus our review on the underlying liability questions." Op. at 14 n 4.

### III.  Argument

This Court (1) reversed summary judgment on the question of coverage because Tatsch did not allege a claim for breach of contract but (2) held that Tatsch has sufficient evidence to proceed on his claim that Infinity failed to conduct a reasonable investigation under the Texas Insurance Code. This is error. Summary judgment on coverage was appropriate because coverage was an essential element

4

of Tatsch's claims under the Insurance Code and DTPA. That is, in the absence of exceptional circumstances a party seeking recovery under the Texas Insurance Code must first establish that the policy covers the claim in question. This Court's opinion runs afoul of this rule. *Progressive County Mutual Ins. Co. v. Boyd,* 177 S.W.3d 919 (Tex. 2005) (Holding that the absence of coverage negated the insured's extra-contractual insurance code and common law claims); *Liberty Nat'l Fire Ins. Company v. Akin,* 927 S.W.2d 627, 629 (Tex. 1996) ("But, in most circumstances, an insured may not prevail on a bad faith claim without first showing that the insurer breached the contract."); *Republic Ins. Co. v. Stoker,* 903 S.W.2d 338, 341 (Tex. 1995) ("As a general rule there can be no claim for bad faith when an insurer has promptly denied a claim that is in fact not covered.")

A limited exception to this general rule arises if an insurer commits an "extreme" act that causes damages independent of a claim under the policy. *Stoker,* 903 S.W.3d at 341. This is not such a case; the compensatory damages sought by Tatsch arise only if the policy covers his claim.

**A.** **The Court's Opinion is in error because coverage is an essential element of Tatsch's claims under the Texas Insurance Code.**

This Court reversed the traditional summary judgment on the question of coverage solely because Tatsch did not allege that Infinity breached the policy. This is error because coverage is an essential element of Tatsch's claim under the

5

Texas Insurance Code, and for recovery of his alleged damages. In this regard, the Court's Opinion conflicts with the Supreme Court's decisions in *Stoker* and *Boyd* and with this Court's own opinions.

In *Stoker,* the plaintiffs sued the insurer for breaching the policy and for violating the Insurance Code and DTPA by giving an incorrect reason for denying their claim. *Stoker,* 903 S.W.2d at 339. The trial court granted summary judgment to the insurer on the question of whether it breached the policy, but submitted the extra contractual claims to the jury. *Id.* The jury found for the plaintiffs on the extra contractual claims. *Id.* The Supreme Court reversed, reasoning that "there can be no claim for bad faith when an insurer has promptly denied a claim that is not in fact covered." *Id.*

In *Boyd,* the plaintiff sued his automobile insurance carrier for breach of contract, bad faith, violations of the Insurance Code and other extra contractual claims. *Id.* at 919-20. The trial court severed the extra-contractual claims from the breach of contract claim, and granted summary judgment on the extra contractual claims. *Id.* at 920. Thereafter, a jury returned a verdict for the insurer on breach of contract. *Id.*

The Supreme Court held that the judgment on the breach of contract claim negated the plaintiff's extra contractual claims. *Id.* The Court, therefore, reasoned

6

that the summary judgment on the extra contractual claims, if erroneous, was rendered harmless by the subsequent judgment in favor of the insurer on the breach of contract claim. *Id.* at 921-22.

This Court applied the same rule, holding that a summary judgment in favor of an insurer on coverage also disposed of the insured's extra contractual claims. This Court explained that "the extra contractual causes of action arose from the denial of the insurance claim" and for that reason fail because there was no breach of contract. *Tivoli Corp. v. Jewelers Mutual Ins Co.,* 932 S.W.2d 704, 712 (Tex. App. –San Antonio 1996, writ den.)

This Cour'ts Opinion fails to account for the Supreme Court's teachings in *Stoker* and *Boyd,* and its own decision in *Tivoli Corp.* This Court reversed the trial court's summary judgment on coverage because Tatsch did not plead a claim for breach of the policy. But breach of the policy – that is, failure to pay a covered claim – is essential to Tatsch's statutory claims against Infinity. And Infinity's summary judgment evidence negated the existence of coverage, and breach of the policy.

Looked at from a different perspective, if Tatsch had plead a claim for breach of the policy, there is no question that the Court would have reviewed the summary judgment evidence on coverage and held that the absence of coverage negates

7

Tatsch's extra contractual claims. Tatsch's failure to plead a claim for breach of contract does not relieve him from the requirement of proving coverage in order to recover under the Texas Insurance Code.

**B.      Infinity did not engage in extreme conduct, causing damages independent of coverage.**

Nor is the exception to the requirement of coverage applicable in this case. Infinity did not commit an extreme act that caused damages that are independent of coverage under the policy. The alleged act of denying a claim within 36 hours without inspecting the vehicle is far from extreme. Indeed, in the absence of coverage, it is impossible to see what difference inspection of the truck would have made. That is, coverage either exists or it does not; whether or not Infinity examined the vehicle before reaching its decision makes no difference.

And Tatsch's alleged damages arise only if Infinity breached the contract by failing to pay a covered claim. Tatsch alleged that he was entitled to the cost to repair his vehicle, its diminution in value, damages for lost use of the vehicle, lost income and out of pocket expenses. CR 61-62. These damages arise only if the Infinity policy provided coverage and Infinity breached the contract. Indeed, Tatsch presented no evidence linking lost use, lost income or out of pocket expenses to Infinity. Without coverage, Infinity is not obligated to pay the costs of repair. And it is impossible to see how Infinity's allegedly too-prompt denial of

8

the claim led, without coverage, to lost use, lost income and profits and out of pocket expenses.

The existence of coverage is essential to Tatsch's recovery under the Insurance Code. The Court's opinion ignores this requirement. Infinity requests the Court to correct the error by granting rehearing or reconsideration *en banc*.

## IV. Request for Relief.

For the foregoing reasons, Appellee Infinity County Mutual Insurance Company requests this Court to grant its motion for rehearing or reconsideration *en banc*, to affirm the judgment of the trial court and to award it all other relief to which it may be entitled.

2083123v.1

Respectfully submitted,

/s/ Sean Higgins

_____
Sean Higgins
Texas State Bar No. 24001220
Sharla J. Frost
Texas State Bar No. 07491100
Shawn D. Golden
Texas State Bar No. 24003442
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
909 Fannin Street, Suite 3300
Houston, Texas 77010-1011
(713) 353-2000
(713) 785-7780 – Fax
sean.higgins@wilsonelser.com
shawn.golden@wilsonelser.com
sharla.frost@wilsonelser.com

**ATTORNEYS FOR APPELLEE:
INFINITY COUNTY MUTUAL
INSURANCE COMPANY**

## <u>CERTIFICATE OF COMPLIANCE</u>

Based on the word count function in the word processor used to produce this document, I certify that the number of words in this Motion is <u>1776</u>, excluding the style, signature, certificate of service and certificate of compliance. The document was prepared using Microsoft Word 2007 in Times New Roman 14 Point Font.

<u>/s/ Sean Higgins</u>
Sean Higgins

10

2083123v.1

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of Appellees' Motion for Rehearing and/or En Banc Reconsideration was served upon all counsel of record, by fax or electronic mail in accordance with Texas Rule of Appellate Procedure 9.5 and this Court's Local Rules on January 30, 2015.

Craig M. Patrick
PATRICK LAW FIRM, P.C.
3333 Lee Parkway, Suite 600
Dallas, Texas 75219
(214) 665-9510
(214) 665-9511 – Fax
cpatrick@craigpatricklaw.com
Attorneys for Appellant Michael Tatsch

Matthew R. Beatty
BEATTY BANGLE STRAMA, P.C.
400 West 15th Street, Suite 1450
Austin, Texas 78701
(512) 879-5050
(512) 879-5040 – Fax
mbeatty@bbsfirm.com
Attorneys for Appellee Chrysler Group LLC

/s/ Sean Higgins

_____

2083123v.1



# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00757-CV

Michael **TATSCH**,
Appellant

v.

**CHRYSLER GROUP, LLC**
and Infinity County Mutual Insurance Company,
Appellees

From the 216th Judicial District Court, Gillespie County, Texas
Trial Court No. 12977
Honorable N. Keith Williams, Judge Presiding

Opinion by:     Marialyn Barnard, Justice

Sitting:        Sandee Bryan Marion, Justice
                Marialyn Barnard, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  December 3, 2014

AFFIRMED IN PART, REVERSED AND REMANDED IN PART

This is an appeal from a trial court's orders granting summary judgment in favor of appellees Chrysler Group, LLC ("Chrysler") and Infinity County Mutual Insurance Company ("Infinity Mutual"). On appeal, appellant Michael Tatsch challenges the granting of the summary judgments. We affirm in part, and reverse and remand in part.

### BACKGROUND

In January 2008, Tatsch purchased a 2008 Dodge Ram 5500 pickup truck ("the truck"). The truck came with a Basic Limited Warranty spanning three years or 36,000 miles on the

odometer, whichever came first. The truck also came with a Cummins Diesel Engine Limited Warranty ("engine warranty") spanning five years or 100,000 miles on the odometer, whichever came first.

In August 2011, Tatsch was driving the truck when the engine ceased functioning. The truck had roughly 37,000 miles on the odometer. After multiple attempts were made to repair the truck, Tatsch was told the truck needed an estimated $31,000.00 in engine repairs due to a "dust out condition" and fuel contamination. Specifically, the truck needed a new cylinder "long block," up to six fuel injectors, as well as new gaskets. Although the truck was no longer covered under the Basic Limited Warranty, it was still within the range of the engine warranty. However, Chrysler denied Tatsch's request to repair the truck under the express engine warranty.

After Chrysler's refusal, Tatsch filed a claim with his comprehensive automobile insurance carrier, Infinity Mutual, based on the damages to the truck. Infinity Mutual denied Tatsch's insurance claim on the ground that the truck's mechanical failure, caused by contaminated fuel, was excluded from his comprehensive automobile insurance coverage. Subsequently, Tatsch sued both Chrysler and Infinity Mutual.

Tatsch sued Chrysler under the Texas Deceptive Trade Practices Consumer Protection Act ("DTPA") for breach of express and implied warranty as defined by the Texas Business and Commerce Code. Chrysler moved for no evidence summary judgment as to Tatsch's warranty claims. The trial court granted Chrysler's motion.

Tatsch sued Infinity Mutual for various violations of the Texas Insurance Code as tied into the DTPA. In response, Infinity Mutual moved for traditional summary judgment on the ground that "Infinity [Mutual] is not liable to Mr. Tatsch because a valid exclusion contained in the policy applies and bars Mr. Tatsch's claim." Infinity Mutual filed a no evidence motion for summary judgment as to Tatsch's Insurance Code claims. The trial court granted Infinity Mutual's motions.

Tatsch subsequently perfected this appeal of the trial court's orders.

## ANALYSIS

On appeal, Tatsch argues the trial court erroneously granted the summary judgment motions filed by Chrysler and Infinity Mutual. Because the motions are effectively unrelated, we will examine the trial court's ruling as to each motion separately.

### *Chrysler's No Evidence Motion*

Chrysler filed a no evidence motion for summary judgment under Rule 166a(i) of the Texas Rules of Civil Procedure challenging Tatsch's claims for breach of express and implied warranty under the DTPA, as well as Tatsch's claim for all reasonable and necessary attorney's fees.

We review *de novo* a trial court's order granting a no evidence motion for summary judgment. *See Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). A no evidence motion for summary judgment under Rule 166a(i) is essentially a motion for pretrial directed verdict that requires the nonmoving party to present evidence raising a genuine issue of material fact to support each element specifically contested in the motion. *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009); TEX. R. CIV. P. 166a(i). The trial court must grant the motion unless the nonmovant produces more than a scintilla of summary judgment evidence to raise a genuine issue of material fact. TEX. R. CIV. P. 166a(i). A scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997). Accordingly, we must determine whether Tatsch has presented a scintilla of evidence to support the challenged elements of both his express and implied warranty claims.

### *Express Warranty*

Tatsch sued Chrysler under the DTPA for breaching an express warranty as defined by section 2.313 of the Texas Business and Commerce Code. *See* TEX. BUS. & COM. CODE ANN

§ 2.313 (West 2013). Generally, to recover for breach of an express warranty under the DTPA, a plaintiff must prove: (1) consumer status, (2) the existence of a warranty, (3) breach of the warranty, and (4) injury resulting from the breach. *Church & Dwight Co., Inc. v. Huey*, 961 S.W.2d 560, 568 (Tex. App.—San Antonio 1997, pet. denied); *U.S. Tire-Tech, Inc. v. Boeran, B.V.*, 110 S.W.3d 194, 197 (Tex. App.—Houston [1st Dist.] 2003, pet. denied). Here, it is undisputed Tatsch is a consumer for purposes of the DTPA and an express warranty — the engine warranty — existed between Chrysler and Tatsch. Accordingly, Chrysler's no evidence motion challenged Tatsch's ability to provide evidence establishing a breach of the engine warranty as well as damages resulting from that breach.

### 1. Breach of Express Warranty:

Tatsch contends he met his evidentiary burden by demonstrating Chrysler refused to repair a covered part during the applicable time period of the engine warranty. In support of this argument, Tatsch provided a personal affidavit and a repair invoice from a Dodge dealership to demonstrate that: (1) Chrysler made an express engine warranty covering the engine and fuel injectors,[1] (2) the engine block and fuel injectors in Tatsch's truck required replacement during the applicable warranty period, and (3) Chrysler denied Tatsch's request to make the repairs under the express warranty. Chrysler's brief does not attempt to controvert those facts, and concedes: "[i]t is not disputed that [Tatsch] presented the [truck] for repairs during the coverage period afforded

---

[1] Tatsch's affidavit states "[t]he [truck] came with a 5 year/100,000 miles Cummins Diesel Engine Limited Warranty that covered the engine and fuel injectors." Admittedly, Chrysler objected to this summary judgment evidence in the trial court, claiming it violated the best evidence rule. *See* TEX. R. EVID. 1002. However, the trial court never explicitly ruled on this objection, and had little reason to because Chrysler attached a copy of the actual warranty to its own court documents, and a ruling on a motion for summary judgment is not an implicit ruling on objections to the proffered summary judgment evidence. *See Well Solutions, Inc. v. Stafford*, 32 S.W.3d 313, 317 (Tex. App.—San Antonio 2000, no pet.). "Pursuant to rule 33.1, the party objecting to summary judgment evidence has the burden to obtain a ruling on that party's objections." *Duncan-Hubert v. Mitchell*, 310 S.W.3d 92, 99 (Tex. App.—Dallas 2010, pet. denied); *see* TEX. R. APP. P. 33.1. Because Chrysler did not obtain a ruling on its objection to Tatsch's affidavit, and the contents of the engine warranty are not disputed on appeal, we consider this portion of Tatsch's affidavit as proper summary judgment evidence. *See Anderton v. City of Cedar Hill*, ___ S.W.3d___, 2014 WL 4291492 at *3 (Tex. App.—Dallas 2010, no pet. h.).

by the Cummins Warranty . . . [a]nd, it is not disputed that damages components were on the list of components covered by the Cummins Warranty."

The Supreme Court of Texas has noted that an "express warranty claim, like one for breach of contract, involves a party seeking damages based on an opponent's failure to uphold its end of the bargain." *Med. City Dallas, Ltd. v. Carlisle Corp.*, 251 S.W.3d 55, 61 (Tex. 2008). Here, we hold Tatsch presented more than a scintilla of evidence that Chrysler failed to uphold its obligations under the engine warranty, i.e., Chrysler declined to repair a part it concedes was covered under the express engine warranty during the warranty period. Accordingly, we agree with Tatsch and hold he met his evidentiary burden to respond to Chrysler's no evidence motion with more than a scintilla of summary judgment evidence that Chrysler breached its express engine warranty by failing to perform.

Chrysler attempts to counter this conclusion by arguing Tatsch's real burden was to present a scintilla of evidence of a defect with the truck's engine components because "[t]he cause of the damages to those components is the core issue in this case." In support of this argument, Chrysler directs this court to the following language from the "What's Covered" section of the *Basic Limited Warranty* covering Tatsch's truck:

> The ***Basic Limited Warranty*** covers the cost of all parts and labor needed to repair any item on your truck when it left the manufacturing plan that is defective in material, workmanship or factory preparation. There is no list of covered parts since the only exception is tires and Koss headphones. You pay nothing for these repairs. These warranty repairs or adjustments – including all parts and labor connected with them – will be made by your dealer at no charge, using new or remanufactured parts.

(emphasis added). However, Tatsch did not seek repairs for his truck under the Basic Limited Warranty, which expired after his truck's odometer passed 36,000 miles. Rather, Tatsch sought repairs under the engine warranty. The engine warranty's "What's Covered" section makes no mention of the limiting defect language cited to by Chrysler; rather, the warranty covers:

In vehicles equipped with a Cummins Diesel Engine, ONLY the following engine parts and components are covered by the Cummins Diesel Engine Limited Warranty: *cylinder block and all internal parts, . . . fuel injection pump & injectors, . . .* [and] *gaskets and seals for listed components.*

(emphasis added). Accordingly, we hold Chrysler's argument and reliance based upon language from a separate and inapplicable express warranty is without merit.

## 2. Damages From Breach of Express Warranty:

Chrysler's no evidence motion also challenged Tatsch to provide a scintilla of evidence that he was injured as a result of Chrysler's failure to comply with its express engine warranty. In response, Tatsch produced evidence by way of his affidavit that he has been deprived of the use of his truck. He also produced a repair bill estimating approximately $31,000.00 in necessary repairs. Tatsch argues economic damages awarded under the DTPA specifically includes the cost of repairs. *See* TEX. BUS. & COM. CODE ANN. § 17.50(b)(1). We agree. The DTPA specifically defines "economic damages" as "compensatory damages for pecuniary loss, including costs of repair and replacement." *Id.* at § 17.45(11). Accordingly, because Tatsch proffered his repair bill, we hold he has met his burden to produce more than a scintilla of evidence of damages resulting from Chrysler's breach of the express engine warranty.

Because Tatsch produced more than a scintilla of evidence that Chrysler breached the express engine warranty and Tatsch suffered damages as a result, we reverse the trial court's no evidence summary judgment in favor of Chrysler on Tatsch's express warranty claim.

### Implied Warranty

In addition to his express warranty claims, Tatsch sued Chrysler under the DTPA for breaching an implied warranty as defined by section 2.314 of the Texas Business and Commerce Code. *See* TEX. BUS. & COM. CODE ANN § 2.314. To recover for a breach of an implied warranty under the DTPA, a plaintiff must prove: (1) consumer status, (2) existence of the warranty, (3)

breach of the warranty, and (4) damages resulting from the breach. *Four Bros. Boat Works, Inc. v. Tesoro Petroleum Companies, Inc.*, 217 S.W.3d 653, 666 (Tex. App.—Houston [14th Dist.] 2006, pet. denied). On appeal, it is undisputed Tatsch is a consumer and an implied warranty of merchantability applies to the truck.[2] The primary dispute is, again, whether Tatsch presented any evidence of a breach of the warranty and damages.

Tatsch's implied warranty claim is based on section 2.314's directive that a seller impliedly warrants that his goods, among other things, "are fit for the ordinary purposes for which such goods are used." TEX. BUS. & COM. CODE ANN § 2.314(b)(3). "For goods to breach this warranty, they must be defective – that is, they must be 'unfit for the ordinary purposes for which they are used because of a lack of something necessary for adequacy.'" *Gen. Motors Corp. v. Brewer*, 966 S.W.2d 56, 57 (Tex. 1998) (quoting *Plas-Tex, Inc. v. U.S. Steel Corp.*, 772 S.W.2d 442, 443–44 (Tex. 1989)). To be clear, "[t]he defect in an implied warranty of merchantability case is *not* the same as the defect in a strict products liability case." *Plas-Tex*, 772 S.W.2d at 444 (emphasis added); *see Hyundai Motor Co. v. Rodriguez ex rel. Rodriguez*, 995 S.W.2d 661, 664–65 (Tex. 1999). A plaintiff does not have to use direct or expert evidence to show that the subject goods are unfit under section 2.314(b)(3); rather, the burden may be met using solely circumstantial evidence. *Plas-Tex*, 772 S.W.2d at 444. Evidence of proper use of the good together with a malfunction may be sufficient circumstantial evidence of a defect under section 2.314(b)(3). *Id.* at 444–45.

---

[2] Chrysler's motion also challenged Tatsch's ability to "provide any evidence that Chrysler Group sold or leased [the truck] to [Tatsch]." This issue is not disputed on appeal. We note that "a manufacturer can be responsible, *without regard to privity*, for the economic loss which results from his breach of the . . . implied warranty of merchantability." *Nobility Homes of Tex., Inc. v. Shivers*, 557 S.W.2d 77, 81 (Tex. 1977) (emphasis added); *Shows v. Man Engines & Components, Inc.*, 364 S.W.3d 348, 354 (Tex. App.—Houston [14th Dist.] 2012), *aff'd sub nom*, *MAN Engines & Components, Inc. v. Shows*, 434 S.W.3d 132 (Tex. 2014).

It appears from Tatsch's summary judgment response and his brief that he attempted to meet his evidentiary burden to establish the existence of a defect by showing he properly maintained his truck, i.e. proper use, and it nonetheless broke down. To support this argument, Tatsch provides the following evidence: (1) Tatsch's affidavit testimony that he has owned over twelve diesel-powered trucks and maintained all of them properly and in accordance with the manufacturer's recommendations; (2) alleged records to show proper maintenance at "recommended" intervals; and (3) evidence that the truck suffered engine failure with less than 37,000 miles on the odometer.

Tatsch avers in his affidavit:

> I have owned more than twelve trucks with diesel engines, and currently own five trucks with diesel engines. I maintain the trucks according to the manufacturer's recommendations, changing the oil, oil filter, air filter, and fuel filters either at a dealership, private shop, or perform the changes myself. All of my trucks with diesel engines are maintained the same way and all use the same fuel. [The truck] was properly maintained in compliance with the Manufacturer's recommendations as to oil changes, fuel filters, and the air filter. I have not put farm fuel into any of my trucks. I have not had any problems with fuel contamination or dust-out conditions on any of the trucks except the 2008 Dodge Ram 5500.

Chrysler contends the affidavit does not constitute proper summary judgment evidence because it contains only conclusions with regard to his compliance with "Manufacturer's recommendation." We agree.

It appears Chrysler did not object in the trial court to the conclusory nature of Tatsch's affidavit. However, a claim that an affidavit is conclusory is an objection to the substance of the affidavit, which may be raised for the first time on appeal. *McFarland v. Citibank (S.D.), N.A.*, 293 S.W.3d 759, 762 (Tex. App.—Waco 2009, no pet.); *Thompson v. Curtis*, 127 S.W.3d 446, 450 (Tex. App.—Dallas 2004, no pet.). This court has held that conclusory affidavits do not raise fact issues sufficient to defeat a no evidence motion for summary judgment. *Trejo v. Laredo Nat'l Bank*, 185 S.W.3d 43, 50 (Tex. App.—San Antonio 2001, pet. denied) (citing *Ryland Group, Inc.*

- 8 -

*v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996)). "A conclusory statement is one that does not provide the underlying facts to support the conclusion." *Trejo*, 185 S.W.3d at 50 (quoting *Haynes v. City of Beaumont,* 35 S.W.3d 166, 178 (Tex. App.—Texarkana 2000, no pet.). Chrysler specifically argues Tatsch's affidavit does not contain the underlying facts to establish what the "Manufacturer's Recommendations" are that Tatsch claims he complied with in performing maintenance on the truck; therefore, Tatsch's statement that he complied with said recommendations is conclusory. We agree. Having reviewed the record, at no point does Tatsch provide, in either his affidavit or other proffered summary judgment evidence, any detail as to what constitutes the manufacturer's recommended maintenance scheme for the truck in question. Accordingly, the portion of Tatsch's affidavit above does not constitute summary judgment evidence to raise a fact question as to whether he properly used his truck by properly maintaining it. *See Trejo*, 185 S.W.3d at 50.

However, our analysis of Tatsch's proper use through proper maintenance argument continues and necessarily includes a review of Tatsch's "maintenance records to show proper maintenance at recommended intervals." These "records" consist of approximately ten receipts indicating Tatsch changed his oil five times, in intervals ranging from 3,396 miles to 10,845 miles, and purchased three fuel filters and one oil filter.[3] However, Tatsch has not introduced any evidence to establish what the "proper maintenance at *recommended* intervals" is for his truck. Without any factual foundation for what proper maintenance requires for Tatsch's truck, we cannot determine the "records" proffered by Tatsch are anything more than a few receipts indicating he intermittently changed his truck's oil and purchased a few filters. Accordingly, we hold these

---

[3] There is also a receipt indicating Tatsch purchased a new alternator and parts necessary to replace an alternator. Tatsch's deposition testimony indicates this receipt actually pertains to parts purchased for a Ford pickup truck he owns.

receipts do not constitute even a scintilla of circumstantial evidence that Tatsch properly used his truck by properly maintaining it before it malfunctioned.

Therefore, because Tatsch's affidavit and records do not provide even a scintilla of summary judgment evidence of proper use, we hold Tatsch has failed to raise a fact question regarding whether the truck is "unfit for the ordinary purposes for which [it is] used because of a lack of something necessary for adequacy," i.e. defective, as required to recover under the statutory implied warranty of merchantability provided in section 2.314. *See Brewer*, 966 S.W.2d at 57; *Plas-Tex*, 772 S.W.2d at 443; TEX. BUS. & COM. CODE ANN § 2.314(b)(3). Accordingly, we overrule Tatsch's argument and affirm the trial court's order granting summary judgment on Tatsch's breach of implied warranty claim. Additionally, because Tatsch has not presented any evidence of a breach of the implied warranty of merchantability, we need not discuss whether he produced evidence of damages resulting therefrom.

### Attorney's Fees

Tatsch's petition sought to recover "all reasonable and necessary attorneys' fees" in relation to pursuing his warranty claims in addition to damages. Chrysler's no evidence motion for summary judgment asserted there is no evidence of attorney's fees related to Tatsch's case. In response, Tatsch's attorney submitted an affidavit detailing the specific services rendered in connection with Tatsch's case resulting in approximately $20,000.00 in attorney's fees. Chrysler made no objection to this affidavit at trial or on appeal. Having reviewed the evidence, we hold Tatsch has presented more than a scintilla of evidence that he has accrued attorney's fees in pursuing his case. Accordingly, we reverse the trial court's summary judgment regarding Tatsch's attorney's fees.

*Conclusion – Chrysler's No Evidence Motion*

Based on the forgoing, we affirm the trial court's summary judgment on Tatsch's implied warranty claims, but reverse the trial court with regard to the summary judgment in favor of Chrysler on Tatsch's express warranty claims and the attorney's fees related to the express warranty claims. We remand these claims for further proceedings consistent with this opinion.

**Infinity Mutual's Traditional and No Evidence Motions**

As noted above, Tatsch sued Infinity Mutual to recover for unfair settlement practices under the Texas Insurance Code. *See* TEX. INS. CODE ANN. § 541.060 (West 2009). Specifically, Tatsch accused Infinity Mutual of: (1) failing to attempt a good faith settlement of a claim for which Infinity Mutual's liability has become reasonably clear; (2) failing to promptly provide Tatsch a reasonable basis for denying his claim; (3) refusing to pay a claim without conducting a reasonable investigation; and (4) refusing to settle Tatsch's auto insurance claim because there is other insurance of a different kind available to satisfy all or part of his loss. *See id.* §§ 541.060(a)(2), (3), (7), & (8). In response, Infinity Mutual filed a traditional motion for summary judgment to establish Tatsch's claim was excluded under the "mechanical failure" exception of Tatsch's policy. Additionally, Infinity Mutual filed a no evidence motion for summary judgment challenging Tatsch's ability to provide a scintilla of evidence in support of his Insurance Code-based claims.

We recognize that when both a traditional and no evidence motion for summary judgment are filed, we generally examine the validity of the no evidence motion first. *See Ford Motor Co. v. Ridgeway,* 135 S.W.3d 598, 600 (Tex.2004). However, in this case we have determined it is more practical, given the outcome, to review Infinity Mutual's traditional motion first.

- 11 -

*Infinity Mutual's Traditional Motion for Summary Judgment*

Infinity Mutual filed a traditional motion for summary judgment under Rule 166a(c) of Texas Rules of Civil Procedure in an attempt to establish it "is not liable to Mr. Tatsch because a valid exclusion contained in the [comprehensive auto insurance] policy applies and bars Mr. Tatsch's claim." It appears as though Infinity Mutual is attempting to defeat a claim regarding an alleged breach of the insurance policy. However, our review of Tatsch's Second Amended Petition establishes the only claims he asserted against Infinity Mutual concern violations of the Texas Insurance Code; he did not sue for a breach of the insurance policy or for any type of recovery under the insurance policy itself.

Under Texas law, a defending party may move for summary judgment in his favor as to a claim, counterclaim, or cross-claim asserted against said party. TEX. R. CIV. P. 166a(b). Here, Infinity Mutual's traditional motion for summary judgment does not address the Insurance Code-based claims actually asserted by Tatsch. Accordingly, we hold the trial erred by granting traditional summary judgment in favor of Infinity Mutual because its motion failed to address Tastch's claims. *See id.* We therefore reverse the traditional summary judgment in favor of Infinity Mutual and remand this issue to the trial court for further proceedings consistent with this opinion.

*Infinity Mutual's No Evidence Motion for Summary Judgment*

In addition to its traditional motion, Infinity Mutual also filed a no evidence motion for summary judgment under Rule 166a(i) challenging Tatsch's Insurance Code-based claims. *See* TEX. R. CIV. P. 166a(i). A no evidence motion under Rule 166a(i) is essentially a pretrial motion for directed verdict. *See id.*; *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). After an adequate time for discovery has passed, a party without the burden of proof may seek summary judgment on the ground there is no evidence to support one or more essential elements of the

nonmovant's claim. TEX. R. CIV. P. 166a(i). The motion is required to specifically state the element or elements for which there is no evidence, and the trial court must grant the motion unless the nonmovant produces more than a scintilla of summary judgment evidence to raise a genuine issue of material fact. *Id.* A scintilla of evidence is such that "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Havner*, 953 S.W.2d at 711. "Evidence does not exceed a scintilla if it is 'so weak as to do no more than create a mere surmise or suspicion' that the fact exists." *Kia Motors Corp. v. Ruiz*, 432 S.W.3d 865, 875 (Tex. 2014) (quoting *Ridgeway*, 135 S.W.3d at 601).

Here, Infinity Mutual challenged elements of Tatsch's claims of unfair settlement practices based on Insurance Code sections 541.060(a)(2), (3), (7), and (8). *See* TEX. INS. CODE ANN. §§ 541.060(a)(2), (3), (7), & (8). Specifically, Infinity Mutual contends: (1) there is no evidence in this case that its liability was reasonably clear as required by section 541.060(a)(2)(A); (2) there is no evidence it failed to promptly provide Tatsch a reasonable explanation for the denial of his claim as required by section 541.060(a)(3); (3) there is no evidence it failed to conduct a reasonable investigation of Tatsch's claim as required by section 541.060(a)(7); and (4) there is no evidence that it delayed or denied Tatsch's claims based on the existence of other insurance to satisfy Tatsch's loss as required by section 541.060(a)(8). *See id.* Tatsch's response to this motion is not the model of clarity; neither his response to Infinity Mutual's motion nor his appellate brief make any mention of the Insurance Code sections he is attempting to support with evidence.

Having reviewed Tatsch's response to Infinity Mutual's no evidence motion, it appears the only argument he makes regarding Infinity Mutual's alleged liability is that it should have performed a reasonable investigation into his claim, which corresponds only to the allegation

pursuant to section 541.060(a)(7).[4] *See* TEX. INS. CODE ANN. § 541.060(a)(7). Absent a timely response to a motion meeting the requirements of Rule 166a(i), the trial court must grant the no evidence motion. *BP Am. Prod. Co. v. Zaffirini*, 419 S.W.3d 485, 509 (Tex. App.—San Antonio 2013, pet. denied); *Imkie v. Methodist Hosp.*, 326 S.W.3d 339, 343 (Tex. App.—Houston [1st Dist.] 2010, no pet.). Here, Infinity Mutual's motion met the requirements of Rule 166a(i) and Tatsch did not submit a timely response as to his claims based on Insurance Code sections 541.060(a)(2), (3), and (8). Accordingly, we affirm the trial court's judgment in favor of Infinity Mutual as to Tatsch's claims based on Insurance Code sections 541.060(a)(2), (3), and (8). *See Zaffirini*, 419 S.W.3d at 509. However, we must still determine whether Tatsch presented a scintilla of evidence with regard to his remaining claim under Insurance Code section 541.060(a)(7).

In support of his claim that Infinity Mutual failed to conduct a reasonable investigation, Tatsch begins by directing this court to legal authority for the proposition that "[t]he 'special relationship' between the insured and insurer imposes on the insurer a duty to investigate claims thoroughly and in good faith, and to deny those claims only after an investigation reveals there is a reasonable basis to do so." *Viles v. Sec. Nat. Ins. Co.*, 788 S.W.2d 566, 568 (Tex. 1990). Tatsch then alleges Infinity Mutual "did not inspect the vehicle, request documentation, speak with any Chrysler or dealership personnel, or even request a fuel sample . . . and then denied the claim within 36 hours after doing nothing." The evidentiary support for this claim is Tatsch's deposition testimony and corresponding affidavit in which he avers "Infinity County Mutual did not inspect the [truck] or take any fuel samples before denying my claim." Although Infinity Mutual contends

---

[4] Of note, Tatsch's response also argues there is evidence to support findings related to damages. Specifically, Tatsch argues there is a scintilla of evidence that Infinity Mutual acted "knowingly" when it allegedly violated the Insurance Code, and also argues there is evidence of lost profits resulting from the unfair settlement practices. However, we focus our review on the underlying liability questions.

the fuel was discarded before a sample could be taken, it in no way objects to the assertion it did not inspect the actual truck before denying Tatsch's claim. We hold failing to inspect the truck is more than a scintilla of evidence raising a genuine issue of material fact as to whether Infinity Mutual performed a reasonable investigation before denying Tatsch's claim. *See Havner*, 953 S.W.2d at 711. Accordingly, we reverse the trial court's judgment with regard to Tatsch's section 541.060(a)(7) claim.

*Conclusion – Infinity Mutual's Traditional and No Evidence Motions*

Based on the foregoing, we affirm the trial court's no evidence summary judgment in favor of Infinity Mutual on Tatsch's claims based on sections 541.060(a)(2), (3), and (8) of the Insurance Code. However, we reverse the trial court's judgment granting Infinity Mutual's traditional motion for summary judgment because it does not address Tatsch's claim. Further, we reverse the trial court's no evidence summary judgment as to Tatsch's claim based on section 541.060(a)(7) of the Insurance Code.

Marialyn Barnard, Justice



# Fourth Court of Appeals
## San Antonio, Texas

### JUDGMENT

No. 04-13-00757-CV

Michael **TATSCH**,
Appellant

v.

**CHRYSLER GROUP, LLC**
and Infinity County Mutual Insurance Company,
Appellees

From the 216th Judicial District Court, Gillespie County, Texas
Trial Court No. 12977
Honorable N. Keith Williams, Judge Presiding

BEFORE JUSTICE MARION, JUSTICE BARNARD, AND JUSTICE CHAPA

In accordance with this court's opinion of this date, the trial court's judgments are AFFIRMED in part and REVERSED and REMANDED in part. Specifically, the trial court's no evidence summary judgment in favor of appellee Chrysler Group, LLC with regard to appellant Michael Tatsch's implied warranty claim is AFFIRMED. The trial court's no evidence summary judgment in favor of appellee Chrysler Group, LLC as to appellant Michael Tatsch's express warranty claim is REVERSED and the claim is REMANDED to the trial court for further proceedings consistent with this court's opinion.

The trial court's traditional summary judgment in favor of appellee Infinity County Mutual Insurance Company is REVERSED because it did not address appellant Michael Tatsch's claims against appellee Infinity County Mutual Insurance Company. The trial court's no evidence summary judgment in favor of appellee Infinity County Mutual Insurance Company with regard to appellant Michael Tatsch's claims based on sections 541.060(a)(2), (3), and (8) of the Texas Insurance Code is AFFIRMED. The trial court's no evidence summary judgment in favor of appellee Infinity County Mutual Insurance Company with regard to appellant Michael Tatsch's claim based on section 541.060(a)(7) of the Texas Insurance Code is REVERSED and that claim is REMANDED to the trial court for further proceedings consistent with this court's opinion.

We order that each party bear its own costs of appeal.

SIGNED December 3, 2014.

Marialyn Barhard, Justice